IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 23-10039-1-JWB

DEVONTE ANTOINE SMITH,

Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to reduce sentence. (Doc. 216.) The motion has been fully briefed and is ripe for decision. (Docs. 218, 219.) For the reasons stated herein, the motion is DENIED.

**I. Facts**

On April 18, 2023, Defendant was charged by indictment with one count of possession with intent to distribute fentanyl and six counts of distribution of fentanyl, both in violation of 21 U.S.C. § 841(a)(1), and multiple counts of use of a communication facility to facilitate the commission of a felony in violation of 21 U.S.C. § 843(b). (Doc. 1.) On May 16, 2023, a superseding indictment was filed which charged an additional count of possession with intent to distribute fentanyl and one count of conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846. (Doc. 45.) On November 30, 2023, Defendant pleaded guilty to Count 20 of the superseding indictment, possession with intent to distribute a controlled substance. (Doc. 104.) According to the plea agreement, Defendant traveled by plane from Wichita to Arizona to purchase over 100,000 fentanyl pills. Co-Defendants then drove the fentanyl back to Kansas. Defendant admitted that it was his intention to distribute the fentanyl to others in

the Wichita area. (*Id.* at 2.) A presentence report was prepared. The calculated offense level under the sentencing guidelines included a four level enhancement under U.S.S.G. § 3B1.1(a) as Defendant was an organizer or leader of criminal activity that involved five or more participants. (Doc. 122 ¶ 76.) Defendant objected to this enhancement and the court overruled the objection at sentencing. The calculated guideline range was 188 to 235 months imprisonment and Defendant was sentenced to 180 months imprisonment. (Docs. 127, 128.)

Defendant now moves for a sentence reduction to 120 months on the basis that there are extraordinary and compelling circumstances that warrant relief.[1]

## II. Standard

Under 18 U.S.C. § 3582(c)(1)(A), a sentencing reduction is allowed when "extraordinary and compelling reasons warrant such a reduction . . . ." Prior to 2018, that section only authorized the Director of the Bureau of Prisons ("BOP") to move for a reduction. The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Hald*, 8 F.4th 932, 937 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Exhaustion is mandatory but it can be waived if not raised by the government. *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A). *Hald*, 8 F.4th at 937. Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim and three other requirements are

[1] Defendant's initial motion does not specify his request for a reduction although it implies that he seeks a time served sentence. (Doc. 216.) Defendant's reply brief, however, asks the court to reduce his sentence to 120 months. (Doc. 219 at 5.)

met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. at 938. A court may deny the motion when any of the three requirements is lacking and the court need not address the other requirements. *Id*. But all requirements must be addressed when the court grants a motion for release under the statute. *Id*. Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g.*, *United States v. Moreno*, 519 F. Supp. 3d 937, 941 (D. Kan. 2021).

**III. Analysis**

Defendant's arguments, save one, are essentially attacks on the propriety of his sentence. Defendant argues that the government breached the plea agreement based on the arguments raised at sentencing, he was not an organizer or leader in the criminal activity and should not have received an enhancement, and that he is actually innocent of these crimes. (Doc. 216 at 2–4.) These arguments should have been raised in a motion under 28 U.S.C. § 2255. *See United States v. Ellsworth*, 296 F. App'x 612, 615 (10th Cir. 2008). The Supreme Court recently affirmed that the "compassionate release provision is not a vehicle for attacking the validity of a conviction." *Fernandez v. United States*, 608 U.S. 411, ---, 146 S. Ct. 1292, 1307 (2026). Any argument suggesting that his conviction is flawed, as opposed to an argument that he is terminally ill or facing some other extraordinary circumstance, is not an extraordinary and compelling circumstance under § 3582. *See id.* at 1305–07. Rather, Congress provided a vehicle for those claims in a motion under § 2255. Defendant failed to file a motion under § 2255 and the time for doing so has now passed.

The only other argument raised by Defendant is that he has been rehabilitated while incarcerated.[2] While that is to be commended, that cannot be a basis in and of itself for a sentence reduction. *Rutherford v. United States*, 146 S. Ct. 1320, 1332 (2026). ("[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason") (citing 28 U.S.C. § 994(t)); *United States v. Mata-Soto*, 861 F. App'x 251, 255 (10th Cir. 2021).

Because Defendant has not established extraordinary and compelling reasons for a sentence reduction, his motion must be denied and the court declines to address the remaining factors.

**IV. Conclusion**

Defendant's motion to reduce sentence (Doc. 216) is DENIED.

IT IS SO ORDERED. Dated this 16th day of October, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Defendant asserts in his reply brief that rehabilitation is not the only argument raised along with the other challenges to the validity of his conviction. (Doc. 219 at 2.) Defendant then asserts that his argument is based on courses and constructive work during his incarceration, good conduct, educational achievement, a minimum risk assessment, family responsibilities, and structured supervision upon release. With the exception of family responsibilities and structured supervision, all assertions relate to rehabilitation. As to family circumstances, Defendant merely states that he desires to care for his family. (Doc. 216 at 4.) That is not an extraordinary circumstance. Further, the fact that he could be released with structured supervision is also not an extraordinary circumstance.